IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION



| | | |
|---|---|---|
| BURNS, MORRIS & STEWART LIMITED PARTNERSHIP | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 9:03-CV-70 |
| THE STANLEY WORKS, | § § | Jury Trial Demanded |
| Defendant. | § § | |

## ANSWER AND COUNTERCLAIMS
## OF THE STANLEY WORKS

Defendant, The Stanley Works ("Stanley"), for its Answer and Counterclaims to the Complaint of Burns, Morris & Stewart Limited Partnership ("Plaintiff") states as follows:

### PARTIES

1. Stanley lacks sufficient information regarding the allegations of paragraph 1 of the Complaint, and therefore denies such allegations.

2. Admits the allegations of paragraph 2 of the Complaint.

### JURISDICTION & VENUE

3. Admits that paragraph 3 of the Complaint alleges an action for patent infringement and that the Court has subject matter jurisdiction. Stanley denies any implication regarding the merits of any claims of patent infringement asserted by Plaintiff and denies any implication that Stanley has infringed any valid patent claims asserted by Plaintiff.

4. Admits that venue properly lies within this judicial district. Denies the remaining allegations of paragraph 4 of the Complaint.

DLI-5758601v1

5. Admits that Stanley is doing business and subject to personal jurisdiction in this judicial district. Stanley denies that it has caused injury to Plaintiff or committed patent infringement against Plaintiff.

## THE PATENTS AT ISSUE

6. Admits that U.S. Patent No. 5,661,943 (the '943 patent) is entitled "FRAME WITH INTEGRAL ENVIRONMENT RESISTANT MEMBERS," U.S. Patent No. 5,873,209 ("the '209 patent") is entitled "FRAME WITH INTEGRAL ENVIRONMENT RESISTANT MEMBERS," U.S. Patent No. 5,950,391("the '391 patent") is entitled "FRAME WITH INTEGRAL ENVIRONMENT," and U.S. Patent No. 6,122,882 ("the '882 patent") is entitled "COMPONENT WITH INTEGRAL ENVIRONMENT RESISTANT MEMBERS." Stanley lacks sufficient information regarding the remaining allegations of paragraph 6 of the Complaint, and therefore denies such allegations.

7. Admits that the '943 patent was filed on March 8, 1996, and issued on September 2, 1997. Stanley denies that the '943 patent was "duly and properly issued."

8. Admits that the '209 patent was filed on April 22, 1997, and issued on February 23, 1999. Stanley denies that the '209 patent was "duly and properly issued."

9. Admits that the '391 patent was filed on August 6, 1998, and issued on September 14, 1999. Stanley denies that the '391 patent was "duly and properly issued."

10. Admits that the '882 patent was filed on June 29, 1999, and issued on September 26, 2000. Stanley denies that the '882 patent was "duly and properly issued."

11. Admits that on February 14, 2001, three Stanley employees visited Plaintiff's place of business and were made aware of certain alleged patented technologies and further states that the purpose of the meeting was to discuss possible business opportunities between the companies. Stanley denies any implication that, during said

visit, Stanley became aware of all patents and patented technologies owned by Plaintiff. Stanley further denies any implication that, at that time, Plaintiff identified any Stanley products that Plaintiff believed to infringe Plaintiff's patents.

12.     Admits the allegations of paragraph 12 of the Complaint.

## CLAIM

13.     Incorporates by reference paragraphs 1-12 above in answer to paragraph 13 of the Complaint.

14.     Admits that Stanley sells a continuous head and sill system. Stanley lacks sufficient understanding of the term/phrase "having a moisture resistant lower portion, or portions," and therefore denies the remaining allegations of paragraph 14 of the Complaint.

15.     Admits that, by letter dated March 11, 2002, Plaintiff wrote to Stanley regarding, *inter alia*, Plaintiff's product, certain patents, and a Stanley product. Stanley denies the remaining allegations of paragraph 15 of the Complaint.

16.     Denies the allegations of paragraph 16 of the Complaint.

17.     Denies the allegations of paragraph 17 of the Complaint.

18.     Denies the allegations of paragraph 18 of the Complaint.

**WHEREFORE,** Stanley respectfully demands judgment from this Court in favor of Stanley, its successors, subsidiaries, affiliates, officers, agents, servants, employees, and all persons in active concert or participation as follows:

   A.   An order and/or declaration that Stanley has not and does not infringe any claims of the 943, '209, '391, or '882 patents ("the patents-in-suit");

   B.   Denial of any injunction, permanently enjoining Stanley, its successors, subsidiaries, affiliates, officers, agents, servants, employees and all persons in

visit, Stanley became aware of all patents and patented technologies owned by Plaintiff. Stanley further denies any implication that, at that time, Plaintiff identified any Stanley products that Plaintiff believed to infringe Plaintiff's patents.

12.     Admits the allegations of paragraph 12 of the Complaint.

## CLAIM

13.     Incorporates by reference paragraphs 1-12 above in answer to paragraph 13 of the Complaint.

14.     Admits that Stanley sells a continuous head and sill system. Stanley lacks sufficient understanding of the term/phrase "having a moisture resistant lower portion, or portions," and therefore denies the remaining allegations of paragraph 14 of the Complaint.

15.     Admits that, by letter dated March 11, 2002, Plaintiff wrote to Stanley regarding, *inter alia*, Plaintiff's product, certain patents, and a Stanley product. Stanley denies the remaining allegations of paragraph 15 of the Complaint.

16.     Denies the allegations of paragraph 16 of the Complaint.

17.     Denies the allegations of paragraph 17 of the Complaint.

18.     Denies the allegations of paragraph 18 of the Complaint.

**WHEREFORE,** Stanley respectfully demands judgment from this Court in favor of Stanley, its successors, subsidiaries, affiliates, officers, agents, servants, employees, and all persons in active concert or participation as follows:

   A.   An order and/or declaration that Stanley has not and does not infringe any claims of the 943, '209, '391, or '882 patents ("the patents-in-suit");

   B.   Denial of any injunction, permanently enjoining Stanley, its successors, subsidiaries, affiliates, officers, agents, servants, employees and all persons in

    active concert or participation with it, each and all of them, from activities allegedly infringing, inducing the infringement, and/or contributing to the infringement of the BMS patents;

C.  Denial of damages to Plaintiff;

D.  A finding that any infringement by Stanley is neither willful nor deliberate, and a denial of increased damages under 35 U.S.C. § 284

E.  Denial of prejudgment interest to Plaintiff on any sums recovered from Stanley;

F.  A finding that this case is exceptional under 35 U.S.C. § 285, and that Stanley is thereby entitled to its costs and attorneys' fees incurred in defending this action against Plaintiff;

G.  Denial of Plaintiff's prayer for an order directing Stanley to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance by this Court of any injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Stanley has complied with said injunction; and

H.  Denial of any such other and future relief to Plaintiff as may be provided by law.

## STANLEY'S AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to state a claim for which relief may be given.

2.  Stanley does not infringe any claim of the patents-in-suit.

3.  Stanley does not induce infringement of any claim of the patents-in-suit.

4.  Stanley does not contributorily infringe any claim of the patents-in-suit.

5.  Plaintiff is estopped from construing any valid claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered for sale by Stanley because of admissions and statements to the PTO during prosecution of the applications leading to

the issuance of the patents-in-suit, because of disclosure or language in the specifications and/or limitations in the claims of the patents-in-suit.

6. The patents-in-suit are unenforceable and are invalid or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 101, 102, 103, and 112.

## STANLEY'S COUNTERCLAIMS

Stanley counterclaims against Plaintiff as follows:

1. The Stanley Works is a Connecticut corporation having a principal place of business at 1000 Stanley Drive, New Britain, Connecticut 06053.

2. Burns, Morris & Stewart Limited Partnership ("BMS") is the named plaintiff in this action and, upon information and belief, is a Texas limited partnership having a principal place of business at 1124 Bennett Clark Road, Nacogdoches, Texas 75963.

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 35 U.S.C. §§ 101, *et seq.*, 35 U.S.C. §§ 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-2202 as they arise under an Act of Congress relating to patents.

4. By filing its Complaint, BMS has consented to the personal jurisdiction of this Court.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400.

## DECLARATORY JUDGMENTS

### Declaratory Judgment for Invalidity and Non-infringement of United States Patent No. 5,661,943

DLI-5758601v1

6. United States Patent No. 5,661,943 ("the '943 patent") was issued by the United States Patent and Trademark Office on September 2, 1997. BMS claims to own all rights in and to the '943 patent.

7. BMS has asserted that certain acts by Stanley infringe the '943 patent.

8. Stanley denies infringement and denies validity of the '943 patent.

9. An actual controversy exists between Stanley and BMS regarding the validity and infringement of the '943 patent.

10. Stanley products have not and do not infringe the '943 patent. Furthermore, Stanley has not directly infringed, contributed to infringement, or induced infringement of any valid claim of the '943 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid claim of the '943 patent.

11. The '943 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 101, 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patent No. 5,873,209

12. United States Patent No. 5,873,209 ("the '209 patent") was issued by the United States Patent and Trademark Office on February 23, 1999. BMS claims to own all rights in and to the '209 patent.

13. BMS has asserted that certain acts by Stanley infringe the '209 patent.

14. Stanley denies infringement and denies validity of the '209 patent.

15. An actual controversy exists between Stanley and BMS regarding the validity and infringement of the '209 patent.

16. Stanley products have not and do not infringe the '209 patent. Furthermore, Stanley has not directly infringed, contributed to infringement, or induced infringement of any valid claim of the '943 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid claim of the '209 patent.

17. The '209 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 101, 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patent No. 5,950,391

18. United States Patent No. 5,950,391 ("the '391 patent") was issued by the United States Patent and Trademark Office on September 14, 1999. BMS claims to own all rights in and to the '391 patent.

19. BMS has asserted that certain acts by Stanley infringe the '391 patent.

20. Stanley denies infringement and denies validity of the '391 patent.

21. An actual controversy exists between Stanley and BMS regarding the validity and infringement of the '391 patent.

22. Stanley products have not and do not infringe the '391 patent. Furthermore, Stanley has not directly infringed, contributed to infringement, or induced infringement of any valid claim of the '943 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid claim of the '391 patent.

23. The '391 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 101, 102, 103, and 112 thereof.

### Declaratory Judgment for Invalidity and Non-infringement of United States Patent No. 6,122,882

DLI-5758601v1

24.  United States Patent No. 6,122,882 ("the '882 patent") was issued by the United States Patent and Trademark Office on September 26, 2000. BMS claims to own all rights in and to the '882 patent.

25.  BMS has asserted that certain acts by Stanley infringe the '882 patent.

26.  Stanley denies infringement and denies validity of the '882 patent.

27.  An actual controversy exists between Stanley and BMS regarding the validity and infringement of the '882 patent.

28.  Stanley products have not and do not infringe the '882 patent. Furthermore, Stanley has not directly infringed, contributed to infringement, or induced infringement of any valid claim of the '882 patent, nor is it directly infringing, contributing to infringement, or inducing infringement of any valid claim of the '882 patent.

29.  The '882 patent is unenforceable and is invalid and/or void for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 101, 102, 103, and 112 thereof.

**WHEREFORE,** Stanley prays for a judgment against BMS as follows:

A.  That BMS takes nothing by its Complaint in this action;

B.  That the Court enter judgment against BMS and in favor of Stanley and that BMS's Complaint in this action be dismissed with prejudice;

C.  That the Court enter a declaratory judgment that Stanley has not and does not infringe any of BMS's patents-in-suit;

D.  That the Court enter a declaratory judgment that the claims of BMS's patents-in-suit are invalid and/or void;

E.     That the Court find this case to be exceptional under 35 U.S.C. § 285 and that Stanley is thereby entitled to its costs and attorneys' fees incurred in defending this action against Plaintiff.

F.     That the Court award Stanley such other and further relief as the Court may deem just and proper.

Dated: April 30 , 2003

Respectfully submitted,

*Mark Reiter* by perm. MCS

Mark N. Reiter, Esq.
State Bar No. 16759900
mnreiter@jonesday.com
Attorney-in-Charge
Steven M. Geiszler, Esq.
State Bar No. 24032227
smgeiszler@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 77501
Telephone: 214/220-3939
Facsimile: 214/969-5100


Carl R. Roth, Esq.
State Bar No. 17312000
cr@rothfirm.com
Michael C. Smith, Esq.
State Bar No. 18650410
ms@rothfirm.com
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: 903/935-1665
Facsimile: 903/935-1797

**ATTORNEYS FOR DEFENDANT
THE STANLEY WORKS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2003, a true and correct copy of the above and foregoing document has been forwarded via regular U.S. mail to the following counsel:

Jeffrey S. Standley
James L. Kwak
Michael Stonebrook
STANDLEY & GILCREST LLP
495 Metro Place South, Suite 210
Dublin, Ohio 43017

Steve Roper
ZELESKEY, CORNELIUS,
  HALLMARK, ROPER & HICKS, LLP
1616 South Chestnut Street
P.O. Drawer 1728
Lufkin, TX 75902-1728

Claude E. Welch
115 W. Shepherd Ave.
Lufkin, Texas 75901

_/s/ Michael Smith_

DLI-5758601v1